Filed 2/25/15  P. v. Fillion CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076214 |
| v. | (Super. Ct. No. SF125307A) |
| CHRISTOPHER WILLIAM FILLION, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Christopher William Fillion asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant entered a grocery store on September 3, 2013, filled his grocery cart with items, and exited the store with the groceries without paying for them.  Defendant was charged with second degree commercial burglary (Pen. Code, § 459; count 1)[1] and

---

[1] Undesignated statutory references are to the Penal Code.

1

petty theft with prior theft crime convictions (§ 666; count 2). As to both counts, it was alleged defendant had been convicted of a prior serious felony (§§ 667, subd. (d) & 1170.12, subd. (b)) and that he had served two prior prison terms (§ 667.5, subd. (b)).

Defendant moved four separate times to substitute appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) on September 13, 2013, January 17, 2014, January 28, 2014, and February 11, 2014. In one instance defendant withdrew the motion; in the other three instances the trial court denied the motion after a hearing. Following the denial of defendant's final *Marsden* motion, defendant pleaded no contest to petty theft with prior theft crime convictions (count 2) and admitted the prior serious felony enhancement allegation and one prior prison term enhancement allegation. On the district attorney's motion, the trial court struck the other prior prison term enhancement and dismissed count 1 in the interest of justice in light of defendant's plea.

The trial court imposed the lower term of 32 months (16 months doubled due to defendant's prior serious felony conviction) on count 2, and imposed but stayed a one-year enhancement for defendant's prior prison term. The trial court also awarded defendant 324 days of presentence credit and ordered defendant to pay the following fines and fees: a restitution fine of $330, a parole revocation fine of $330, a conviction assessment of $30, and a court security fee of $40. The trial court denied defendant's request for a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Meanwhile, in the November 4, 2014 general election, the voters passed Proposition 47, the Safe Neighborhood and Schools Act (the Act). We asked the parties

2

for supplemental briefing to address the effect of the Act on defendant's conviction. In his supplemental brief, defendant's appointed counsel argued we should resentence defendant because (a) petty theft with a prior has been reduced to a misdemeanor for eligible offenders such as defendant, (b) defendant's judgment is not yet final, and (c) the Act applies retroactively. The Attorney General countered that defendant is not entitled to automatic resentencing but must instead petition the trial court for relief under section 1170.18. The Attorney General argues that *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170, 177, is instructive in this regard. We agree with the Attorney General.

We decline to resentence defendant and conclude that he must pursue his statutory remedy to petition the trial court for recall of sentence and resentencing. (§ 1170.18; see also *People v. Chaney* (2014) 231 Cal.App.4th 1391, 1397, *People v. Yearwood, supra,* 213 Cal.App.4th at pp. 170, 177.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                                               MAURO            , J.

We concur:

   NICHOLSON   , Acting P. J.

   DUARTE   , J.

3